THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Johnny
 Washington, Appellant.
 
 
 

Appeal From Richland County
Thomas W. Cooper Jr., Circuit Court Judge
Unpublished Opinion No. 2009-UP-139
Submitted January 2, 2009  Filed March
 10, 2009  
AFFIRMED

 
 
 
 Chief Appellate Defender Joseph L. Savitz, III, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Norman Mark Rapoport; and Solicitor Warren B. Giese,
 all of Columbia, for Respondent.
 
 
 

PER CURIAM: Johnny
 Washington appeals from his convictions for armed robbery (two counts) and
 assault with the intent to kill.  Washington asserts the circuit court erred by
 making an improper "Golden Rule" argument that asked the jurors to view themselves as victims of the crimes for which
 Washington was on trial.  Our review of the court's jury instructions indicates
 that the examples the court utilized to distinguish the offenses of larceny,
 robbery, and armed robbery were general in nature and were factually unrelated
 to the facts in this case.  Moreover, these examples were abstract and did not ask
 jurors to consider the evidence from the victim's perspective.  In fact, the
 circuit court gave the directions in the first person.  While the circuit
 court's instructions did not violate the "Golden Rule" argument, in
 our view, the better practice would be for the judge to not place himself, or
 the jury, in the hypothetical being used to explain the law. 
The
 circuit court did not indicate its view of the facts in this case or make any
 comment that would indicate its opinion regarding Washington's guilt or
 innocence.   Rather, the court emphasized that the jury must presume Washington
 to be innocent and explained it was the State's burden to prove each element of
 the alleged offense, beyond a reasonable doubt, before the jury could find
 Washington guilty.  See Daves v. Cleary, 355 S.C. 216, 224, 584
 S.E.2d 423, 427 (Ct. App. 2003) (internal citations omitted) ("When
 reviewing a jury charge for alleged error, an appellate court must consider the
 charge as a whole in light
 of the evidence and issues presented at trial.  If the charge is reasonably
 free from error, isolated portions which might be misleading do not constitute
 reversible error.  A jury charge is correct if it contains the correct
 definition and adequately charges the law.  The substance of the law is what
 must be charged, not any particular verbiage.").  
Therefore,
 the circuit court's order is 
AFFIRMED.[1] 
WILLIAMS,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.